```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:97-cr-9-FtM-29DNF

ROSA MARIA PULIDO
_____

## OPINION AND ORDER

This matter comes before the Court on the following motions, all filed on January 4, 2006: (1) Motion for Appointment of Counsel (Doc. #246); (2) Motion for Judgment of Acquittal or New Trial (Doc. #247); (3) Motion to Strike Surplusage From Indictment (Doc. #248); (4) Motion to Strike Prejudicial Language From Indictment (Doc. #249-1); (5) Motion to Correct Illegal Sentence (Doc. #250); (6) Motion to Correct Judgment (Doc. #251); and (7) Motion for an Evidentiary Hearing (Doc. #252). All of the motions are due to be denied.

**I.**

Defendant plead guilty to conspiracy to possess with intent to distribute cocaine base, and was sentenced on December 12, 1997, to 168 months of imprisonment, 60 months of supervised release, and a $100 special assessment fee. Defendant did not appeal her conviction or sentence. Defendant filed a Motion to correct her sentence pursuant to § 2255 on January 11, 1999 (Doc. #173), which was dismissed by the Court as untimely (Doc. #176). This dismissal

was upheld by the Eleventh Circuit Court of Appeals, which denied issuance of a certificate of appealability on December 7, 1999. (Doc. #195).

Defendant then filed a "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 Based Upon the Safety Valve Statute, 18 U.S.C. § 3553(f) and the Decision of the Supreme Court of the United States in Apprendi v. New Jersey" (Doc. #211) on September 22, 2000. Defendant sought to modify her sentence because: (1) no amount of drugs were alleged in her Indictment, contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) she improperly received a two point enhancement for possession of a firearm, contrary to Bailey v. United States, 516 U.S. 137 (1995); and (3) she was improperly denied the benefit of the "safety valve" provision of the Sentencing Guidelines. The Court denied the motion for lack of jurisdiction and declined to construe the motion as being a § 2255 petition because it would be untimely under 28 U.S.C. § 2255. The Court also noted that defendant's only new issue, based on Apprendi, was without merit because the Eleventh Circuit had held that Apprendi does not apply retroactively to cases on collateral review. In re Joshua, 224 F.3d 1281 (11th Cir. 2000).

**II.**

Defendant's Motion for Judgment of Acquittal under Fed. R. Crim. P. 29 is untimely under Rule 29(c)(1) and will therefore be denied. Defendant's alternative Motion for New Trial under Fed. R.

Crim. P. 33 is untimely under both Rule 33(b)(1) and Rule 33(b)(2), and will therefore be denied.

Defendant's Motion to Strike Surplusage From Indictment (Doc. #248) pursuant to Fed. R. Crim. P. 7(d) is untimely since the trial on the Indictment is long over.  Therefore, this motion will be denied.  For the same reason, Defendant's Motion to Strike Prejudicial Language From Indictment (Doc. #249-1) is denied.

Defendant's Motion to Correct Illegal Sentence (Doc. #250) sets forth no basis for the Court to exercise jurisdiction and no basis upon which to find that the sentence was illegal or needs to be corrected.  Therefore, the motion will be denied.

Defendant's Motion to Correct Judgment (Doc. #251) seeks to correct the judgment pursuant to Fed. R. Crim. P. 36 to reflect that she receive certain credit for time served.  Rule 36 allows the court to correct clerical errors or errors in the record arising from oversight or omission.  None of these situations apply in this case, and therefore the Court has no authority under Rule 36.  United States v. Portillo, 363 F.3d 1161 (11th Cir.), cert. denied, 543 U.S. 975 (2004).  Additionally, the Court has no authority to give defendant credit for time served.  United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).  Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine initially the amount of credit a federal prisoner should receive.  Wilson, 503 U.S. at 335-36; Lucas, 898 F.2d at 1556.  A

federal inmate who disagrees with the calculation of the Bureau of Prisons must exhaust all administrative remedies and then may file a petition in federal court pursuant to 28 U.S.C. § 2241 naming the warden as defendant.  E.g., Rodriquez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).

Defendant's Motion for an Evidentiary Hearing (Doc. #252) concerns a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  No such petition was filed, and the Court finds no reason for an evidentiary hearing concerning any of the pending motions in the criminal case.

Defendant's Motion for Appointment of Counsel (Doc. #246) seeks appointment of counsel under 18 U.S.C. § 3006A(g).  The Court finds no basis to appoint counsel in the criminal case.  Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED**:

(1) Defendant's Motion for Appointment of Counsel (Doc. #246) is **DENIED**.

(2) Defendant's Motion for Judgment of Acquittal or New Trial (Doc. #247) is **DENIED**.

(3) Defendant's Motion to Strike Surplusage From Indictment (Doc. #248) is **DENIED**.

(4) Defendant's Motion to Strike Prejudicial Language From Indictment (Doc. #249-1) is **DENIED**.

(5) Defendant's Motion to Correct Illegal Sentence (Doc. #250) is **DENIED**.

(6) Defendant's Motion to Correct Judgment (Doc. #251) is **DENIED**.

(7) Defendant's Motion for an Evidentiary Hearing (Doc. # 252) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 6th day of February, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Rosa Maria Pulido